```
              UNITED STATES DISTRICT COURT
              EASTERN DISTRICT OF LOUISIANA


THOMAS MARTINEZ                           CIVIL ACTION

VERSUS                                    NO: 07-6717

AMERICAN STEELWAY INDUSTRIES,             SECTION: R(4)
LLC, AND ARTIE FLETCHER
```

## ORDER AND REASONS

Before the Court is defendants' motion to dismiss for lack of subject matter jurisdiction and for failure to state a claim on which relief can be granted under Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure, respectively. Plaintiff alleges that diversity jurisdiction exists in this case under 28 U.S.C. § 1332(a) because he is a Louisiana citizen, defendant Artie Fletcher is a citizen of Mississippi, and defendant American Steelway Industries, LLC, is organized under the laws of Mississippi. He also alleges that the amount in controversy exceeds $75,000. In their jurisdictional argument, defendants do not contest that the parties are diverse. Instead, they merely argue that the amount in controversy does not exceed $75,000. Upon reviewing the pleadings, however, the Court has determined that complete diversity does not exist between the parties.

To determine the citizenship of a limited liability corporation for diversity purposes, the Court considers the citizenship of the company's members. Although the Fifth Circuit

has not addressed the question of how to determine the citizenship of a limited liability corporation for the purposes of diversity jurisdiction, every other federal court of appeals that has encountered this issue has concluded that a limited liability corporation is to be treated like a limited partnership for diversity purposes. Therefore, a limited liability corporation is a citizen of any state of which a member of the company is a citizen. *See, e.g., Wise v. Wachovia Secs., LLC*, 450 F.3d 265, 267 (7th Cir. 2006), *cert. denied*, __ U.S. __, 127 S. Ct. 582 (2006) ("The citizenship for diversity purposes of a limited liability company, however, despite the resemblance of such a company to a corporation (the hallmark of both being limited liability), is the citizenship of each of its members."); *Johnson v. Columbia Props. Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006) ("We therefore join our sister circuits and hold that, like a partnership, an LLC is a citizen of every state of which its owners/members are citizens."); *Pramco, LLC ex. rel CFSC Consortium, LLC v. San Juan Bay Marina, Inc.*, 435 F.3d 51, 55 (1st Cir. 2006) (same); *General Technology Applications, Inc. v. Exro Ltda*, 388 F.3d 114, 120 (4th Cir. 2004) (same); *Rolling Greens MHP, L.P. v. Comcast SCH Holdings, L.L.C.*, 374 F.3d 1020, 1022 (11th Cir. 2004) (same); *GMAC Commercial Credit, LLC v. Dillard Dep't Stores, Inc.*, 357 F.3d 827, 829 (8th Cir. 2004)

(same); *Homfeld II, L.L.C. v. Comair Holdings, Inc.*, 53 Fed. Appx. 731, 732 (6th Cir. 2002); *Handelsman v. Bedford Village Assocs. Ltd. Partnership*, 213 F.3d 48, 51-52 (2d Cir. 2000) (same). *See also Standard Aero [San Antonio], Inc. v. Kelly Aviation Center, LP*, No. SA-05-CA-1139-RF, 2006 WL 504055, at *3 (W.D. Tex. Jan. 23, 2006) (rejecting "state of organization" test to determine citizenship of limited liability corporation in favor of considering citizenship of company's members).

Here, plaintiff has alleged that he is a member of the limited liability corporation — American Steelway Industries, LLC — that he has named as a defendant. The other named defendant, Artie Fletcher, is also a member of American Steelway. Because plaintiff has sued the limited liability company of which he is a member, and the company is deemed to be a citizen of Louisiana by virtue of plaintiff's membership, complete diversity does not exist between the parties. Accordingly, the Court DISMISSES plaintiff's complaint for lack of subject matter jurisdiction.

New Orleans, Louisiana, this 10th day of March, 2008.

_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE